**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THIAGO MELLADO,<br>*Plaintiff*,<br>v.<br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A".<br>*Defendants*. | ) | Case No.: 26-cv-01181<br>Hon. Judge Steven C. Seeger.<br>Magistrate Judge Albert Berry, III. |

**UNOPPOSED MOTION OF DEFENDANT FOR EXTENSION OF TIME TO FILE ANSWER**

NOW COMES Defendant JJBONE SHOP (Defendant No. 151, hereinafter referred to as "Defendant"), through its undersigned counsel, and respectfully requests that this Court extend the time to file a response to the Complaint. In support, Defendant states the following:

1. Plaintiff filed its Complaint on February 3, 2026. [Dkt. 1]
2. Defendant was ostensibly served with process on April 23, 2026. [Dkt. 19]
3. Defendant has just retained counsel, is reviewing relevant documents, preparing an Answer, and has begun negotiations with Plaintiff for potential settlement discussions. As the Defendant's Counsel has just contacted the Plaintiff and needs more time to review the relevant documents of the case and explore any possible settlement with the Plaintiff. Defendant requires a short additional time to respond to the Complaint. Defendant submits that an extension will not materially prejudice Plaintiff and will help avoid unnecessary substantive motion practice.

4. The Defendant needs additional time to reach out to the Plaintiff for relevant documents to review, and negotiate for a potential settlement, or if not,
5. This Court may, for good cause, extend the time by which defendants' response is due after the time has expired if the defendants failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). "Under Rule 6(b)(1) as interpreted by case law, the term "good cause" imposes a light burden." *McCann v. Cullinan*, 2015 WL 4254226, at * 10 (N.D. Ill 2015), citing, *1 Moore's Federal Practic*e § 6.06 [2] p. 632 (Matthew Bender 3d ed. 2013); See, Sec. *Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995), citing, *C.K.S. Eng'rs, Inc. v. White* Case: 1:23-cv-04608 Document #: 55 Filed: 10/25/23 Page 1 of 2 Page ID #:2731 Mountain Gypsum Co., 726 F.2d 1202, 1205 (7th Cir. 1984) ("[I]t is the policy of [the Seventh Circuit] to favor trials on the merits over default judgments."); See also, *Anderson v. Stanco Sports Library, Inc*., 52 F.R.D. 108, 109 (D. S.C. 1971) (granting defendant's motion for an extension arguing that "judgment by default has not been entered. It is not contended that plaintiff would be prejudiced by the answer of the defendant and trial upon the merits. On the other hand, to enter default would deprive defendant of its day in court and preclude just determination of the question of liability.").
6. Defendant respectfully moves this Court to extend the date from the date of this filing, if ultimately necessary, by 30 days through September 17, 2026.
7. This motion has been filed in good faith and is not interposed for purposes of delay.
8. This is the first motion for an extension filed by Defendant in this case.
9. On August 18, 2026, Defendant requested whether Plaintiff would oppose an extension of time. At the filing of this Motion, Plaintiff has expressed that it does not oppose.

**WHEREFORE**, for the foregoing reasons, Defendant respectfully requests that this Honorable Court enter an Order:

**a)** Extending the date on which Defendant's response to Plaintiff's Complaint is due to September 17, 2026.

Dated: August 19, 2026

Respectfully submitted,

*/s/ Ni Xue*
Ni Xue, Esq.
Kemet Law Group
1825 NW Corporate Blvd., Suite 110
Boca Raton, FL 33431
Tel.: (561) 870-0605
Email: nixuesydney@gmail.com,
ni@kemetlawgroup.com

*Attorney for Defendant JJBONE SHOP*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a true and correct copy of the foregoing Motion was filed electronically with the Clerk of the Court and served on all counsel of record and interested parties via the CM/ECF system on August 19, 2026.

/s/ *Ni Xue*